CUYAHOGA COUNTY BAR ASSOCIATION *v.* GARFIELD.

[Cite as *Cuyahoga Cty. Bar Assn. v. Garfield,*
109 Ohio St.3d 103, 2006-Ohio-1935.]

(No. 2005-2333—Submitted January 25, 2006—Decided May 3, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Robert Earl Garfield of Pepper Pike, Ohio, Attorney Registration No. 0001873, was admitted to the Ohio bar in 1963.

{¶ 2} On April 18, 2005, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline considered the case on the parties' agreement for consent to discipline, as permitted by Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), and made findings of misconduct and a recommendation, which the board adopted.

## Misconduct

{¶ 3} Respondent was the managing director of a Netherlands Antilles investment company called Skyhigh, N.V., and he held a power of attorney to act on behalf of that company in the United States. Skyhigh maintained a $250,000 certificate of deposit at the Enterprise Bank in the Cleveland area.

{¶ 4} When respondent encountered personal financial difficulties in 1997, he pledged the Skyhigh certificate of deposit as collateral for a $250,000 loan from

the Enterprise Bank, leading the bank to believe that he was obtaining the loan on behalf of the company when in fact the loan was for his personal use. Skyhigh was unaware of the improper pledge of its certificate of deposit until 2001, when it planned to transfer its funds elsewhere, and respondent then told one of Skyhigh's principals about the loan.

{¶ 5} Respondent's misconduct led to the filing of a federal criminal charge against him in the United States District Court for the Northern District of Ohio, case No. 1:04CR00384, and he entered a plea of guilty in 2004 to bank fraud, a violation of Section 1344, Title 18, U.S.Code. Respondent was sentenced to a term of 30 days at a halfway house, followed by three years of probation with a special condition of five months of home detention. He was also fined $2,000 and was ordered to pay a $100 special assessment.

{¶ 6} On March 28, 2005, we imposed an interim suspension under Gov.Bar R. V(5) after we received notice that respondent had been convicted of a felony offense. See *In re Garfield,* 105 Ohio St.3d 1475, 2005-Ohio-1364, 824 N.E.2d 1006.

{¶ 7} Respondent acknowledged, and the board found, that his actions violated Disciplinary Rule 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation).

Sanction

{¶ 8} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. The board cited respondent's violation of his fiduciary relationship with Skyhigh as an aggravating factor, and certainly respondent acted with a dishonest and selfish motive. BCGD Proc.Reg. 10(B)(1)(b). Mitigating factors identified by the board included the absence of any prior disciplinary record, respondent's prompt and full cooperation with federal prosecutors, his payment of full restitution before the criminal charge was filed, his full and timely disclosure and cooperative attitude during the disciplinary process, his acceptance of responsibility for his actions, the absence of any dishonesty in any legal proceedings, the imposition of the federal conviction and sentence, and written statements from a number of attorneys, religious leaders, and friends about respondent's good character and reputation. BCGD Proc.Reg. 10(B)(2)(a), (c), (d), (e), and (f).

{¶ 9} The parties recommended that respondent be suspended from the practice of law for 18 months, with the suspension to run from the date in March 2005 when we imposed the interim suspension under Gov.Bar R. V(5). The panel and the board agreed with that recommendation.

{¶ 10} We agree that respondent has committed the misconduct described above, and we agree with the recommended 18–month suspension. In a similar

case involving another attorney convicted of bank fraud, we imposed a one-year suspension. See *Disciplinary Counsel v. Lash* (1993), 68 Ohio St.3d 12, 623 N.E.2d 28. Like the attorney in that case, respondent presented significant mitigating evidence, and the many letters presented to the board on his behalf speak well of his competence and professionalism. We trust that the parties' recommended sanction will be sufficient to ensure that this misconduct will not recur.

{¶ 11} Accordingly, respondent is suspended from the practice of law for 18 months, with March 28, 2005, as the starting date for the suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Howard D. Mishkind, Jacob A.H. Kronenberg, and Ellen S. Mandell, Bar Counsel, for relator.

Michael C. Hennenberg and John A. Fatica, for respondent.