[Cite as *Mahoning Cty. Bar Assn. v. Wagner*, 137 Ohio St.3d 545, 2013-Ohio-5087.]

MAHONING COUNTY BAR ASSOCIATION *v.* WAGNER.

[Cite as *Mahoning Cty. Bar Assn. v. Wagner*, 137 Ohio St.3d 545, 2013-Ohio-5087.]

*Attorney—Misconduct—Felony convictions arising from fraudulent mortgage applications—Engaging in conduct involving dishonesty—Committing an illegal act—Indefinite suspension.*

(No. 2013-0221—Submitted April 10, 2013—Decided November 21, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-023.

_____

**Per Curiam.**

{¶ 1} Respondent, Michael James Wagner of Canfield, Ohio, Attorney Registration No. 0016371, was admitted to the practice of law in Ohio in 1981. In January 2012, we imposed an interim felony suspension on Wagner's license pursuant to Gov.Bar R. V(5)(A)(4) after receiving a certified copy of the judgment entry of his conviction. *In re Wagner,* 131 Ohio St.3d 1430, 2012-Ohio-231, 960 N.E.2d 469.

{¶ 2} In a complaint certified by a probable-cause panel of the Board of Commissioners on Grievances and Discipline in April 2012, relator, Mahoning County Bar Association, charged Wagner with three counts of violating the Rules of Professional Conduct arising from his participation in submitting false mortgage-loan applications, including his conviction of the federal offense of conspiracy to commit wire fraud.

{¶ 3} In November 2012, the parties submitted stipulations of fact and misconduct and of aggravating and mitigating factors. They suggested that the appropriate sanction for Wagner's misconduct is an 18-month suspension, with

credit for the interim felony suspension imposed earlier that year. They also submitted three exhibits: the federal indictment, plea agreement, and judgment of conviction.

{¶ 4} A panel of the board conducted a hearing on November 26, 2012, at which Wagner testified about his misconduct. At the hearing, Wagner submitted eight letters from supporters and judges documenting his good character and excellent reputation for his professionalism and contributions to the community. The panel recommended that Wagner be indefinitely suspended from the practice of law with credit for the interim felony suspension imposed on January 24, 2012. The board modified the findings of fact and conclusions of law to dismiss a stipulated violation, but otherwise adopted the panel's findings, conclusions, and recommended sanction.

**Misconduct**

{¶ 5} From July 2005 through January 2006, Wagner was the title agent for seven real estate transactions in Mahoning and Trumbull counties that later were determined to be part of a fraudulent scheme conducted by one Romero Minor. Wagner prepared "HUD-1" settlement statements for the seven properties, each of which had straw buyers/investors who had been recruited by Minor and others.

{¶ 6} According to the indictment, unbeknownst to the straw buyers/investors, Minor negotiated the purchase of the properties from the sellers at one price, had the straw buyers/investors purchase the properties at a much higher price, and kept the excess funds generated by the fraudulently inflated price. The transactions involved inflated property valuations and large concealed distributions paid directly to Minor that were made to appear to lenders as legitimate payouts of preexisting note debts. Wagner prepared the settlement statements based on information furnished to him by Minor and others. Wagner did not question the accuracy of the information because the property appraisals

had been performed by appraisers who were on the list of approved appraisers maintained by the lending institutions.

{¶ 7} For three of the seven transactions, Wagner did not understand that the information provided by Minor was false. As he continued to work with Minor, however, Wagner realized that the structure of the transactions Minor presented was suspect. He maintained at the hearing that he did not actually know that the information provided by Minor was false. But for the next four transactions, he did not question the accuracy of the information or report his suspicions, and consequently he was willfully blind to what he should have known was false information and documentation. Wagner was paid no more than the fee he typically would have charged and collected for this kind of transaction.

{¶ 8} Wagner pled guilty to conspiracy to commit wire fraud. He was sentenced to probation for a term of three years and was ordered to pay, jointly and severally with other defendants in the case, restitution of $147,620 to the lenders who lost money in these transactions, at a minimum rate of not less than 10 percent of his gross monthly income.

{¶ 9} Based on these findings, the board found, and we agree, that Wagner violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The parties had stipulated to these violations. The panel further found that Wagner violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness). The board agreed with the panel's first two findings, but dismissed the stipulated violation of Prof.Cond.R. 8.4(d), because the record did not support a finding that Wagner had engaged in conduct prejudicial to the administration of justice. We agree with the board.

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties violated, the actual injury caused, the existence of any aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B), and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16; *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 11} The panel found only one aggravating factor, that Wagner committed multiple offenses and engaged in a pattern of misconduct because he prepared settlement statements in at least four different transactions after realizing that the transactions were suspect. BCGD Proc.Reg. 10(B)(1)(d).

{¶ 12} The panel found six mitigating factors: Wagner had no prior disciplinary record; he did not have a selfish motive and received no compensation in the questioned transactions beyond his normal fee as a title agent; he cooperated fully with the prosecutors, self-reported his indictment to the bar association, and fully cooperated in the disciplinary process; he has an excellent reputation for truthfulness, professionalism, and community involvement; he received other penalties or sanctions, namely, the interim suspension and a criminal sentence; and he acknowledged wrongdoing by conceding that he should have been put on notice that something was wrong with the transactions and that he was willfully blind to his suspicions. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), (e), and (f). No objections were filed.

{¶ 13} The parties cited and the board found only three decided cases in which the sole issue was misconduct leading to a conviction for bank fraud. In *Disciplinary Counsel v. Lash*, 68 Ohio St.3d 12, 623 N.E.2d 28 (1993), respondent overstated his income by $10,000 on a loan-refinance application in order to qualify for an increased loan amount. He pled guilty to bank fraud and

was sentenced to perform 100 hours of community service, to serve one year on probation, and to pay a $1,000 fine. Respondent cooperated with federal officials during the investigation of his offense, admitted to and took full responsibility for his misconduct, and submitted letters and testimony that established that he was a highly respected and trusted practitioner. We suspended respondent for one year, with credit for the prior interim felony suspension.

{¶ 14} In *Cuyahoga Cty. Bar Assn. v. Garfield*, 109 Ohio St.3d 103, 2006-Ohio-1935, 846 N.E.2d 45, respondent, the managing director of an investment company, pledged a company certificate of deposit as collateral for a $250,000 personal loan, while leading the bank to believe that he was obtaining the loan on behalf of the company. Respondent pled guilty to bank fraud and was sentenced to a term of 30 days at a halfway house, followed by three years of probation with a special condition of five months of home detention. He also was fined $2,000 and ordered to pay a $100 special assessment. Aggravating factors were the violation of his fiduciary relationship and his dishonest and selfish motive. Mitigating factors included the absence of any prior disciplinary record, his prompt and full cooperation with federal prosecutors and with relator, his acceptance of responsibility for his actions, many letters about his good character and reputation, payment of full restitution before the criminal charge was filed, and the imposition of the federal conviction and sentence. We imposed an 18-month suspension from the practice of law, with credit for time served pursuant to the prior interim felony suspension.

{¶ 15} Last, and most applicable here, in *Disciplinary Counsel v. Gittinger*, 125 Ohio St.3d 467, 2010-Ohio-1830, 929 N.E.2d 410, respondent was a title agent who performed real estate closings through a title agency owned by a business in which he was a principal. He performed closings on behalf of one Toby Groves as well as for a business owned by Groves. Groves, with respondent's assistance, falsified material information on real estate closing

documents, including HUD-1 settlement statements, on which the financial institutions lending the money relied. In his plea agreement, respondent pled guilty to conspiracy to commit bank fraud and money laundering and admitted that losses attributable to him exceeded $400,000. He was sentenced to an aggregate 12-month-and-one-day sentence followed by an aggregate five-year period of supervised release, a fine of $6,000, and a special assessment of $200.

{¶ 16} Notwithstanding his plea agreement, respondent denied to the board that any loss had resulted from his conduct, and we considered that failure to accept responsibility an aggravating factor. We also found as an aggravating factor that respondent's criminal conduct evidenced a motive to defraud others so as to retain a lucrative business client, thus manifesting dishonesty and selfishness. His mitigating factors were similar to those of respondents in *Lash* and *Garfield.* To avoid inconsistency with the federal court's criminal sentence, we imposed an indefinite suspension from the practice of law and granted credit for the time respondent had served under the interim suspension.

{¶ 17} Although in *Garfield* we imposed an 18-month suspension, the respondent there made full restitution before the criminal charges were filed and engaged in a single act of fraud. Here, restitution has not been completed, and the fraud occurred on four occasions. In *Lash*, we imposed a one-year suspension. However, respondent there committed only one isolated instance of misconduct, he was not guilty of a pattern of misconduct, and the lending institution suffered no harm.

{¶ 18} Moreover, in many of our recent opinions we have imposed an indefinite suspension for misconduct leading to a felony conviction. *See, e.g.*, *Columbus Bar Assn. v. Hunter*, 130 Ohio St.3d 355, 2011-Ohio-5788, 958 N.E.2d 567 (indefinitely suspending an attorney following his felony conviction for failing to report a cash payment in excess of $10,000 as required by federal law and additional misconduct of neglecting client matters and mishandling client

funds); *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166 (indefinitely suspending an attorney convicted of conspiracy to defraud the IRS, making false tax returns, and corruptly endeavoring to obstruct and impede an IRS investigation); *Cincinnati Bar Assn. v. Kellogg*, 126 Ohio St.3d 360, 2010-Ohio-3285, 933 N.E.2d 1085 (indefinitely suspending an attorney convicted of money laundering, conspiracy to commit money laundering, and conspiracy to obstruct proceedings before two federal regulatory agencies); *Disciplinary Counsel v. Bennett*, 124 Ohio St.3d 314, 2010-Ohio-313, 921 N.E.2d 1064 (indefinitely suspending an attorney for a conviction of illegally structuring financial transactions to evade federal currency-reporting requirements).

{¶ 19} Based on the foregoing, we indefinitely suspend Michael James Wagner from the practice of law in Ohio and grant credit for the time he has served under the January 24, 2012 interim suspension. Costs are taxed to Wagner.

Judgment accordingly.

PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and O'DONNELL and KENNEDY, JJ., concur with the sanction but would not give credit for time served under the interim suspension.

_____

David C. Comstock Jr. and Ronald E. Slipski, Bar Counsel, for relator.

John B. Juhasz, for respondent.

_____