[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Helbley,* Slip Opinion No. 2014-Ohio-5064.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5064

MAHONING COUNTY BAR ASSOCIATION *v.* HELBLEY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Helbley,* Slip Opinion No. 2014-Ohio-5064.]

*Attorneys at law—Misconduct—Violations of the Rules of Professional Conduct, including engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and engaging in an illegal act that reflects adversely on the lawyer's honesty or trustworthiness—Indefinite suspension with credit granted for time served under an interim felony suspension.*

(No. 2014-0200—Submitted April 8, 2014—Decided November 19, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2012-045.

_____

**Per Curiam**.

{¶ 1} Respondent, William Charles Helbley Jr. of Youngstown, Ohio, Attorney Registration No. 0041660, was admitted to the practice of law in Ohio in 1989.  On February 14, 2012, we suspended his license to practice on an interim basis pursuant to Gov.Bar R. V(5)(A)(4) upon receiving notice that he had been

convicted of a felony. *In re Helbley*, 131 Ohio St.3d 1449, 2012-Ohio-553, 961 N.E.2d 686. We subsequently suspended his license for his failure to register as an attorney for the 2013-2015 biennium. *In re Attorney Registration Suspension of Helbley*, 136 Ohio St.3d 1544, 2013-Ohio-4827, 996 N.E.2d 973.

{¶ 2} Based on Helbley's federal conviction for conspiring with others to commit wire fraud by inducing mortgage lenders to approve the purchase of 14 properties at inflated prices, the Board of Commissioners on Grievances and Discipline recommends that we indefinitely suspend him from the practice of law in Ohio and that we give him credit for the time served under his interim felony suspension. Having considered Helbley's misconduct, the aggravating and mitigating factors present, and the sanction we imposed on another attorney who had a comparable role in the same conspiracy, we adopt the board's recommended sanction.

**Misconduct**

{¶ 3} Helbley earned an undergraduate degree in industrial engineering in 1975. While working as an engineer, he attended graduate school and, in 1984, earned a Masters of Business Administration in finance. He continued to work full time while he attended law school, which he completed in 1988. He served as a corporate counsel from the time he was admitted to the bar until 2000, when he decided to go into private practice.

{¶ 4} In 2003, Helbley opened a licensed title company. Helbley testified that in 2004, a client introduced him to Romero Minor, who held himself out as a pastor and real estate broker.

{¶ 5} In August 2010, Helbley was indicted on federal charges for conspiring with Minor and others to commit wire fraud as part of a mortgage fraud scheme designed by Minor. Minor induced straw buyers or investors with good credit to purchase residential properties to be held in their names, which he would then rent to individuals who were unable to obtain mortgage loans. Minor

2

advised the straw buyers that he would locate a tenant, collect the rent, pay the mortgage and taxes, and maintain the properties. He offered to pay the straw buyers $5,000 for closing on the properties, with the understanding that after 12 months, the property would be refinanced in the name of the tenant.

{¶ 6} From May 2004 through May 2005, Minor solicited Helbley to serve as the title agent for 14 of the properties that were located in the Youngstown area. Minor obtained appraisal reports that falsely inflated the value of the properties in order to obtain fraudulent mortgage loans. At Minor's direction, Helbley prepared the necessary HUD-1 settlement statements for the straw buyers to obtain loans to finance the purchase of the 14 properties. Those settlement statements made it appear to lenders that cash distributions to Minor of the excess loan proceeds were for legitimate services and improvements to the property when they were not. In his plea agreement, Helbley admitted he knew that the appraisals were fraudulently inflated and that Minor had no legitimate reason to receive the funds.

{¶ 7} At the panel hearing, Helbley testified that he first suspected something was amiss when one of the straw buyers, who was also one of Minor's parishioners, came to his office months after the closing on her property and stated that she wanted Minor to buy the property from her. He asked to see Minor's broker's license, which Minor never produced. Helbley nonetheless closed another two or three transactions before he quit doing business with Minor.

{¶ 8} On April 12, 2011, Helbley entered into a plea agreement with the United States Attorney's Office in which he admitted to one count of conspiring with Minor and others to commit wire fraud through the mortgage-fraud scheme designed by Minor.

{¶ 9} On January 12, 2012, the United States District Court for the Northern District of Ohio found Helbley guilty of one count of conspiracy to commit wire fraud and dismissed the remaining counts of the indictment. He was

sentenced to a three-year term of probation and ordered to perform 50 hours of community service and to pay a special assessment of $100. He was also ordered to make restitution of $381,827 jointly and severally with his coconspirators and to pay 10 percent of his net income each month toward that obligation. It appears that he is in compliance with this criminal sanction. Helbley reported his indictment to relator, and his license has been under an interim felony suspension since February 14, 2012.

{¶ 10} The parties stipulated that Helbley's conduct violates Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), but did not stipulate that his conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness). The board, however, found that his participation in a conspiracy to commit wire fraud and his admission that he knowingly falsified settlement statements that resulted in a loss of approximately $382,000 to four lenders necessarily involved dishonesty, fraud, deceit, or misrepresentation and that his illegal acts therefore adversely reflected on his honesty and trustworthiness in violation of Prof.Cond.R. 8.4(b) and (c). But, stating that the record does not support a finding that Helbley's conduct was prejudicial to the administration of justice, the board recommends that we dismiss the alleged violation of Prof.Cond.R. 8.4(d).

{¶ 11} We adopt the board's findings of facts, find that Helbley's conduct violated Prof.Cond.R. 8.4(b) and (c), and dismiss the alleged violation of Prof.Cond.R. 8.4(d). We also note that relator's complaint alleged violations of Prof.Cond.R. 4.1, 1.2(d), 1.16, and 8.4(h). The parties, however, entered no stipulations regarding these alleged violations and did not mention them at the hearing. Moreover, neither the panel nor the board addresses them in their

4

reports. Therefore, we dismiss these alleged violations of Prof.Cond.R. 4.1, 1.2(d), 1.16, and 8.4(h).

**Sanction**

{¶ 12} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B).

{¶ 13} The parties have stipulated and the board has found that two aggravating factors are present: Helbley engaged in multiple offenses based on the multiple predicates underlying his single criminal conviction, and he has failed to make full restitution, although he is working to do so in compliance with his criminal sentence. *See* BCGD Proc.Reg. 10(B)(1)(d) and (i). Mitigating factors stipulated by the parties and found by the board include (1) the absence of a prior disciplinary record,[1] (2) the absence of a selfish motive (because Helbley received no compensation beyond his regular fees as a title agent), (3) a timely good-faith effort to make restitution, (4) Helbley's full and free disclosure to the disciplinary authority and his cooperative attitude toward the proceedings, (5) his good character and reputation for truthfulness, competence, professionalism, and community involvement apart from the charged misconduct, and (6) the imposition of other penalties including the interim felony suspension and his criminal sentence. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), (e), and (f).

{¶ 14} Relator argued that the appropriate sanction for Helbley's misconduct is an indefinite suspension from the practice of law, while Helbley

---

[1] Although we have suspended Helbley's license based on his failure to register for the 2013-2015 biennium, this suspension has no aggravating effect given that he was already subject to our February 14, 2012 interim felony-suspension order.

urged the board to recommend an 18-month suspension of his license. Both parties, however, agreed that whatever sanction is imposed, Helbley should receive credit for the time served under the February 14, 2012 interim felony suspension.

{¶ 15} The board found that the facts of this case are nearly identical to those of *Mahoning Cty. Bar Assn. v. Wagner*, 137 Ohio St.3d 545, 2013-Ohio-5087, 1 N.E.3d 398, and therefore recommends that we impose the identical sanction—an indefinite suspension with credit for time served under the interim felony suspension. Neither party has objected to the board's report.

{¶ 16} Because we find that Helbley and Wagner played virtually identical roles in the same underlying conspiracy—each served as a title agent although they handled different real estate transactions in furtherance of the conspiracy—and that each has been found to have violated Prof.Cond.R. 8.4(b) and (c), with comparable aggravating and mitigating factors, we adopt the board's recommended sanction.

{¶ 17} Accordingly, we indefinitely suspend William Charles Helbley Jr. from the practice of law in Ohio and grant credit for the time that he has served under the February 14, 2012 interim felony suspension. Costs are taxed to Helbley.

Judgment accordingly.

PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and O'DONNELL and KENNEDY, JJ., dissent and would not grant credit for time served under the interim suspension.

_____

David C. Comstock Jr. and Ronald E. Slipski, for relator.

John J. Juhasz, for respondent.

_____