**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mahoning Cty. Bar Assn. v. Sciortino,* **Slip Opinion No. 2018-Ohio-4961.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4961

MAHONING COUNTY BAR ASSOCIATION *v.* SCIORTINO.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Sciortino,* Slip Opinion No. 2018-Ohio-4961.]**

*Attorneys—Misconduct—Felony convictions involving dishonesty—Indefinite license suspension.*

(No. 2018-0259—Submitted May 22, 2018—Decided December 13, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-013.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Michael Vincent Sciortino, of Youngstown, Ohio, Attorney Registration No. 0077089, was admitted to the practice of law in Ohio in 2003.

**{¶ 2}** We suspended Sciortino's license to practice law from November 15, 2011, to April 16, 2012, for his failure to register as an attorney for the 2011 to

2013 biennium. *In re Attorney Registration Suspension of Sciortino*, 130 Ohio St.3d 1441, 2011-Ohio-5890, 957 N.E.2d 302; *In re Reinstatement of Sciortino*, 135 Ohio St.3d 1437, 2013-Ohio-1887, 986 N.E.2d 1025. And on April 11 and July 1, 2016, after receiving notice that Sciortino had been convicted of two felonies, we suspended his license to practice for an interim period. *In re Sciortino*, 146 Ohio St.3d 1206, 2016-Ohio-1482, 50 N.E.3d 560; *In re Sciortino*, 150 Ohio St.3d 1238, 2016-Ohio-4736, 79 N.E.3d 556; Gov.Bar R. V(18)(A)(1)(a). Those suspensions remain in effect.

{¶ 3} In a complaint certified to the board on March 2, 2017, relator, Mahoning County Bar Association, alleged that while serving as the Mahoning County Auditor, Sciortino violated two Rules of Professional Conduct. At issue was the conduct underlying Sciortino's 2016 felony convictions for having an unlawful interest in a public contract and unauthorized use of property and misdemeanor convictions for falsification, soliciting or accepting improper compensation, and the unauthorized use of property. The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors. Because all of the stipulated misconduct occurred after February 1, 2007, the effective date of the Ohio Rules of Professional Conduct, the parties agreed to dismiss an alleged violation of the Ohio Code of Professional Responsibility.

{¶ 4} The matter proceeded to a hearing before a panel of the Board of Professional Conduct. The panel adopted the parties' stipulations of fact and agreed that Sciortino committed four violations of Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and a single violation of Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). On those findings, the panel recommended that Sciortino be indefinitely suspended from the practice of law with conditions on his reinstatement, including that he be required to submit to an evaluation by the Ohio

Lawyers Assistance Program ("OLAP"), enter into a recovery contract, if appropriate, and comply with all conditions, restrictions, and terms imposed by OLAP. The panel also recommended that he receive credit for the time served under his interim felony suspensions. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. Sciortino objects to the board's recommendation that he be required to engage with OLAP.

{¶ 5} For the reasons that follow, we overrule Sciortino's objection and indefinitely suspend Sciortino from the practice of law on the conditions recommended by the board. However, we decline to give him credit for the time served under his interim felony suspensions.

### Factual Background

{¶ 6} In 2006, the Mahoning County commissioners authorized the county's purchase of a former hospital, known as the Oakhill Renaissance Center ("Oakhill"). Sciortino, who was then serving as the Mahoning County Auditor,[1] actively opposed the county's efforts to purchase Oakhill and even appeared at a bankruptcy hearing involving Oakhill to file objections to the sale. Ultimately, the bankruptcy court authorized the transaction and the county commissioners ratified the purchase. Yet Sciortino, in his capacity as the county auditor, delayed the issuance of a warrant to pay for Oakhill and instead sent a letter to the county commissioners requesting additional information about the Oakhill purchase and related expenditures.

{¶ 7} Meanwhile, in a separate taxpayer action against Sciortino and other Mahoning County officials, the Ohio Valley Mall Company ("Ohio Valley") sought to have the Oakhill transaction rescinded on grounds that it was illegal and financially imprudent. *State ex rel. Ohio Valley Mall Co. v. Mahoning Cty. Bd. of Commrs.*, Mahoning C.P. No. 2006 CV 03032. In response, the county prosecutor

---

[1] Sciortino was initially appointed as the auditor in September 2005 and was twice elected to the position before leaving office at the end of 2014.

filed a cross-claim in mandamus, seeking to compel Sciortino to issue a warrant for payment of the county's purchase obligation. In July 2007, the Mahoning County Common Pleas Court dismissed Ohio Valley's claims and granted the county's request for a writ of mandamus. Sciortino promptly complied with the court's order to issue a warrant for payment pursuant to R.C. 319.16.

**Criminal Violations and Corresponding Ethical Misconduct**

{¶ 8} In October 2007, the Mahoning County Prosecutor filed a complaint with the Ohio Ethics Commission alleging that Sciortino and other county officials had spoken with principals of Ohio Valley and its owner, the Cafaro Company, and accepted legal advice from Cafaro's legal counsel (at Cafaro's expense) regarding the Oakhill matter. The prosecutor further alleged that Sciortino failed to disclose the value of that legal counsel on his 2006 Ohio Ethics Commission Financial Disclosure Statement.

{¶ 9} In May 2014, a Cuyahoga County Grand Jury returned a 73-count indictment charging Sciortino and other county officials with felony counts of conspiracy, bribery, tampering with records, perjury, money laundering, soliciting or accepting improper compensation, and unlawful influence of a public official. *State v. McNally*, Cuyahoga C.P. No. CR-585428. The indictment alleged that Sciortino accepted money or services from Cafaro or its principals in performing his duties as county auditor, filed false ethics reports that failed to disclose those payments or services, and made false statements under oath about his interactions with Cafaro.

{¶ 10} In February 2016, Sciortino pleaded guilty to a fourth-degree felony—having an unlawful interest in a public contract in violation of R.C. 2921.42(A)(1)—and two first-degree misdemeanors, falsification in violation of R.C. 2921.13(A)(1) and soliciting or accepting improper compensation in violation of R.C. 2921.43(A)(1). The prosecution nolled the remaining counts of the indictment as to Sciortino.

4

**{¶ 11}** Sciortino was sentenced to one year of community control under the supervision of the Adult Probation Department for each of his convictions. The trial court also ordered him to pay the costs of the prosecution and to place his attorney registration on inactive status for the duration of his community control. And because Sciortino was convicted of soliciting or accepting improper compensation, he cannot hold a public office or position of trust for seven years. *See* R.C. 2921.43(E).

**{¶ 12}** A Mahoning County Grand Jury separately indicted Sciortino in June 2015 on 25 felony charges, including 21 counts of unauthorized use of government property and four counts of theft in office. *State v. Sciortino*, Mahoning C.P. No 15CR542. Prosecutors alleged that Sciortino had illegally used his county-owned computer and other equipment more than 300 times for political purposes, his personal business, and his law practice.

**{¶ 13}** In April 2016, Sciortino pleaded guilty to two counts of unauthorized use of computer, cable, or telecommunication property—one a fifth-degree felony and the other a first-degree misdemeanor. *See* R.C. 2913.04(B) and (G)(2); R.C. 2913.04(A) and (F)(3)(a). He admitted to using the county computer system to email an invitation for a July 2010 "Sciortino for Auditor Golf Scramble" and to access a prize list for the "Sciortino for Auditor Golf Outing" in February 2012. The state dismissed the remaining charges of the Mahoning County indictment. Sciortino was sentenced to two years of community control under the supervision of the Adult Parole Authority. The trial court ordered Sciortino to complete an inpatient program at Community Corrections Association and to attend three Alcoholics Anonymous meetings per week. The court also granted him immediate work privileges and ordered him to maintain employment throughout his probation.

**{¶ 14}** Against this backdrop, the parties stipulated and the board found that Sciortino's convictions for having an unlawful interest in a public contract, soliciting or receiving improper compensation, and unauthorized use of a computer,

cable, or telecommunication property each violated Prof.Cond.R. 8.4(b) and that his falsification conviction violated Prof.Cond.R. 8.4(c). We agree.

**Recommended Sanction**

{¶ 15} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

{¶ 16} As aggravating factors, the board found that Sciortino has a prior disciplinary record and that his current misconduct involved the commission of multiple offenses—while acting as a public official. *See* Gov.Bar R. V(13)(B)(1) and (4). Moreover, the board was guided by the language of Prof.Cond.R. 8.4, Comment 5, quoted in *Disciplinary Counsel v. Kramer*, 149 Ohio St.3d 425, 2016-Ohio-5734, 75 N.E.3d 1174, ¶ 17: " '[l]awyers holding public office assume legal responsibilities going beyond those of other citizens,' " and " '[a] lawyer's abuse of public office can suggest an inability to fulfill the professional role of lawyers.' "

{¶ 17} In mitigation, the board found that Sciortino did not act with a selfish motive, made full and free disclosure to the board and demonstrated a cooperative attitude toward the disciplinary proceedings, submitted strong character recommendations, and has had other penalties and sanctions imposed for his conduct. *See* Gov.Bar R. V(13)(C)(2), (4), (5), and (6). The board further opined that Sciortino does not present a current risk to the public provided that he does not abuse alcohol or drugs.

{¶ 18} In considering the appropriate sanction for Sciortino's misconduct, the board examined *Mahoning Cty. Bar Assn. v. Wagner*, 137 Ohio St.3d 545, 2013-Ohio-5087, 1 N.E.3d 398, and *Mahoning Cty. Bar Assn. v. Helbley*, 141 Ohio St.3d 156, 2014-Ohio-5064, 22 N.E.3d 1078. In those cases, we indefinitely suspended attorneys and title agents Wagner and Helbley for engaging in illegal acts that adversely reflected on their honesty and trustworthiness, based on their single

6

felony convictions for conspiracy to commit wire fraud in the same mortgage-fraud scheme. We also granted them credit for time served under the interim felony suspensions imposed for the same misconduct.

{¶ 19} Although neither Wagner nor Helbley were public officials at the time of their misconduct, the board found their cases to be instructive and recommended that we indefinitely suspend Sciortino from the practice of law and credit him for the time served under his interim felony suspensions. The board further recommended that we condition Sciortino's reinstatement upon proof that he has satisfactorily completed all terms of his probation/community-control supervision; regularly attends Alcoholics Anonymous ("AA") meetings; and has been evaluated by OLAP, entered into an OLAP contract if appropriate, and complied with all conditions, restrictions, and terms imposed by OLAP.

### Sciortino's Objection to OLAP Evaluation

{¶ 20} Sciortino objects to the board's recommendation that he be required to submit to an OLAP evaluation and participate in that program as part of the sanction for his misconduct in this case. He admits that he has had issues with alcohol in the past and asserts that he has completed an inpatient alcohol-treatment program, has participated in aftercare, and attends no fewer than two AA meetings a week. Based on Sciortino's claims that he is in recovery, has been sober for nearly four years, and has an accessible and effective local support network, he urges us to reject the board's recommendation that he engage with OLAP and to instead appoint a local lawyer to monitor his sobriety in conjunction with relator's staff. Relator has not responded to this objection.

{¶ 21} At his disciplinary hearing, Sciortino acknowledged that he had had a problem with alcohol that began around 2010 and had spun out of control by 2014. But the only evidence he has presented to establish that he has successfully addressed that problem and been sober for nearly four years consists of his own testimony and the unsworn statements of a colleague, a friend, his wife, his brother-

7

in-law, and his spiritual advisor. Indeed, Sciortino has not offered any evidence to demonstrate (1) the extent of his alcohol use or how it has affected his daily life or the performance of his professional obligations, (2) receipt of a mental-health or substance-use evaluation, treatment, or prognosis—in fact, he testified that he has *never* received any mental-health counseling, or (3) that relator or his proposed monitor—a local attorney—have any experience in diagnosing, treating, evaluating, or monitoring the recovery of attorneys with substance-abuse disorders.

{¶ 22} We commend Sciortino's professed efforts to address his problem with alcohol and take control of his life. The record before us, however, simply does not contain sufficient information for this court to evaluate the suitability or effectiveness of his treatment, aftercare program, or current support network. In the absence of such evidence, we believe that OLAP is best qualified to evaluate Sciortino's current condition; assess his past treatment and ongoing recovery; recommend additional treatment if necessary; monitor Sciortino's progress going forward; and assess his ability to resume the competent, professional, and ethical practice of law in the future. We therefore overrule Sciortino's objection to the board's recommendation.

{¶ 23} Having found that Sciortino committed four violations of Prof.Cond.R. 8.4(b) and one violation of Prof.Cond.R. 8.4(c) in his commission of two felony and three misdemeanor offenses, we agree with the board's finding that an indefinite suspension is the appropriate sanction for Sciortino's misconduct. Given that he pleaded guilty to *five* criminal offenses—as opposed to the single convictions at issue in *Wagner* and *Helbley*—and also committed those offenses in the performance of his duties as the Mahoning County Auditor, however, we decline to grant Sciortino credit for the time served under his interim felony suspensions.

{¶ 24} Accordingly, Michael Vincent Sciortino is indefinitely suspended from the practice of law in Ohio with no credit for the time served under his interim

felony suspensions. In addition to the requirements for reinstatement set forth in Gov.Bar R. V(25), Sciortino shall submit proof that he has (1) satisfactorily completed all terms of his probation/community-control supervision in Cuyahoga C.P. No. CR-585428 and Mahoning C.P. No 15CR542, (2) regularly attended Alcoholics Anonymous meetings, and (3) been evaluated by OLAP, entered into any contract deemed appropriate by OLAP, and complied with all conditions, restrictions, and terms imposed by OLAP. Costs are taxed to Sciortino.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment in part and dissents in part, and would grant credit for time served under interim felony suspensions and would not require an Ohio Lawyers Assistance Program monitor.

FRENCH, J., would not require respondent to submit to an evaluation by the Ohio Lawyers Assistance Program and would grant credit for time served under interim suspension, but otherwise joins the opinion and sanction imposed.

————————————

Bonezzi, Switzer, Polito & Hupp, L.P.A., and David C. Comstock; and Ronald E. Slipski, for relator.

John B. Juhasz Jr., for respondent.

————————————